IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CR-00037-KDB-DCK-1

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARVIN LYLE KING, JR. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon what can most liberally be read as a request of the defendant *pro se* for a recalculation of his sentence to incorporate the good-time credit in the First Step Act of 2018 (FSA) (Doc. No 82).

The FSA amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable good conduct time from 47 to 54 days per year. However, it is the responsibility of the Attorney General, through the Bureau of Prisons, to compute jail credit. *United States v. Stroud,* 584 F. App'x 159, 160 (4th Cir. 2014) (citing *United States v. Wilson,* 503 U.S. 329, 334-35 (1992)). If a defendant is not given the sentencing credit he thinks he deserves, his recourse is first to seek an administrative remedy, 28 C.F.R. § 542.10, and after that to file a petition under 28 U.S.C. § 2241 in the district of confinement.[1] Id.

**IT IS, THEREFORE, ORDERED** that the defendant's request, (Doc. No. 82) is **DENIED**.

Signed: September 15, 2020

Kenneth D. Bell
United States District Judge

---

[1] The defendant is serving his sentence at Bennettsville FCI in Bennettsville, South Carolina, according to the Bureau of Prisons website.